JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRIAN WILSON, on behalf of himself and all others similarly situated

## DEFENDANTS
ANHEUSER-BUSCH COMPANIES, LLC

**(b)** County of Residence of First Listed Plaintiff: **Camden**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Senoff, Esquire
Caroselli Beachler McTiernan & Conboy
1845 Walnut Street, 15th Fl., Philadelphia, PA 19103 - (215) 609-1350

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(d)(2)
Brief description of cause:
Unlawful, Unfair and Fraudulent Business Practices

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/25/2013
SIGNATURE OF ATTORNEY OF RECORD: *David S. Senoff*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRIAN WILSON, *on behalf of himself and all others similarly situated,* | : : : | CIVIL ACTION |
| PLAINTIFF, | : : | NO. |
| v. | : : | CLASS ACTION |
| ANHEUSER-BUSCH COMPANIES, LLC, | : : | |
| DEFENDANT. | : | JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Brian Wilson ("Plaintiff"), by and through his undersigned attorneys, brings this action individually and on behalf of all other similarly situated members of the public against Anheuser-Busch Companies, LLC, ("AB" or "Defendant"), for compensatory damages, restitution, and equitable, injunctive and declaratory relief. Plaintiff alleges, on information and belief except for information regarding their individual facts, as follows:

## NATURE OF THE ACTION

1. Defendant AB makes claims about the alcohol content of its malt beverages in its products' labels in the State of New Jersey. In most instances, AB's decision to make such claims is purely voluntary. AB's claims are false in every instance and are based on its uniform corporate policy of overstating the amount of alcohol in each of AB's products. Using highly advanced process control instrumentation and corporate protocols, AB can and does identify and control, with great accuracy and precision, the exact alcohol content of each unit it sells, but nevertheless intentionally misrepresents each such product as having a greater amount of alcohol than it actually contains. By falsely representing the alcohol content of the products it sells to New

Jersey residents, AB has violated New Jersey's consumer protection statutes as set forth below.

## PARTIES, JURISDICTION AND VENUE

2. The instant case is a class action brought by Plaintiff Brian Wilson, individually and on behalf of other similarly-situated consumers in New Jersey, arising out of AB's uniform corporate policy of overstating the alcohol content of its products.

3. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant.

4. This Court has personal jurisdiction over AB because it is authorized to do business and does business in New Jersey; it has specifically produced, marketed and sold malt beverages in New Jersey, and has sufficient minimum contacts with this State and/or sufficiently and purposefully avails itself to the markets of this State through its production, marketing and sales within this State, to render the exercise of jurisdiction by this Court permissible.

5. Venue as to AB is proper in this Court pursuant to 28 U.S.C. § 1391 in that many of the acts and transactions giving rise to this action occurred in this District and because AB:

   a. Is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District through the production, marketing and sales of alcoholic beverages in this District;

   b. Does substantial business in this District; and

   c. Is subject to personal jurisdiction in this District.

6. At all relevant times, Plaintiff Brian Wilson resided and continues to reside in Gloucester Township, Camden County, New Jersey. During the relevant time period, Plaintiff purchased AB's malt beverage products in reliance on the

2

representations contained on AB's labels. Specifically, Plaintiff Brian Wilson regularly purchased approximately one case of Michelob Ultra per month during the past years at retailers licensed by the State of New Jersey to sell malt beverage products. Each container of Michelob Ultra he purchased had a claim set forth on the label that the alcohol content of that container was 4.2% percent by volume. Plaintiff has since learned that these claims of 4.2 percent alcohol were in each case overstated. Plaintiff took AB's stated percentage of alcohol into account in making his purchases and would not have purchased AB's malt beverages had they known that AB's representations were false. Based on Defendant's representations and claims, Plaintiff purchased malt beverages that had less value than what they paid, and has accordingly suffered legally cognizable damages proximately caused by Defendant's misconduct.

7. AB is a Delaware limited liability corporation, wholly owned and controlled by Anheuser-Busch InBev SA/NV, a publicly-traded company (NYSE: BUD). Anheuser-Busch InBev SA/NV was formed in November of 2008 following the merger of InBev and Anheuser Busch. Following the merger, AB vigorously implemented the deceptive practices described below, sacrificing the quality products once produced by Anheuser-Busch in order to reduce costs. AB's principal place of business is in St. Louis, Missouri. AB manufactures, markets, and sells alcoholic beverages to millions of consumers throughout the United States, including millions of consumers in New Jersey and in this District.

## FACTS

8. AB possesses sophisticated process control technology that enables it to precisely identify and control the exact alcohol content of malt beverages to within hundredths of one percent (i.e. .01%). Because water is less expensive than alcohol, AB adds extra water to its finished products to produce malt beverages that consistently have significantly lower alcohol content than the percentage displayed on its labels. By doing so, AB is able to produce a significantly higher number of units of beer from the same

3

starting batch of ingredients. However, consumers receive watered down beer containing less alcohol than is stated on the labels of AB's products. **There are no impediments – economic, practical or legal – to AB accurately labeling its products to reflect their true alcohol content. Nevertheless, AB uniformly misrepresents and overstates that content.** On information and belief, AB's mislabels the alcohol content in this manner for at least the following products: "Budweiser"; "Bud Ice"; "Bud Light Platinum"; "Michelob"; "Michelob Ultra"; "Hurricane High Gravity Lager"; "King Cobra"; "Busch Ice"; "Natural Ice"; "Black Crown" and "Bud Light Lime."

9. AB's uniform misrepresentations deceive reasonable consumers who rely on AB's labels, and allow AB to gain an unfair competitive advantage in violation of New Jersey law.

A. **AB's Unlawful, Unfair and Fraudulent Business Practices**

10. AB's parent company, Anheuser-Busch InBev SA/NV, is the world's largest producer of alcoholic beverages. In 2011, its global production exceeded 10 billion gallons of malt beverages, on which it generated gross profits of more than $22 billion. In the United States alone, ABI operates 13 large scale breweries, producing over three billion gallons of malt beverages in 2011.[1]

i. **The Brewing Process for Malt Beverages**

11. AB processes each batch of malt beverages utilizing what it terms "high gravity," meaning that certain key variables, such as alcohol content, are initially kept at specifications above the desired final product, until the last stage. At this last stage, water and CO2 are added to yield a final product at AB's internally targeted values. Those internal targets for alcohol content, set by AB corporate policy, are consistently less than the percentage of alcohol labeled.

12. At the heart of any alcoholic beverage process is "fermentation." This process involves yeast converting certain carbohydrates into ethanol (intoxicating alcohol

---

[1] See 2011 ABI Annual Report, p. 2, 8, 47.

4

to humans), and CO2 (carbon dioxide for carbonation). It is the expensive and time-consuming fermentation process that creates the alcohol content in the beverage, and it is this by-product, ethanol, which creates demand for alcoholic malt beverages. Hence, the economic incentive to "water down" malt beverages.

      ii.    **AB's Deliberate Misrepresentations**

      13.    Sometime prior to 2008, AB began using in-line alcohol measuring instrumentation, known as Anton Paar meters – technology which allows AB to control the alcohol content of malt beverages to within hundredths of one percent (i.e. + or - 0.01%).

      14.    But AB does not use this precision technology, and resulting high accuracy, to provide consumers with exactly what is on the labels; instead, AB uses its precise knowledge of the alcohol content of its products to deceive consumers. During AB's "finishing adjustment process," the last process the malt beverage undergoes before it is bottled, AB waters down its products, "shaving" the total alcohol content to well below the percentage stated on its labels, a policy that began in earnest following the 2008 merger. Specifically, AB uses its technological prowess to produce malt beverages in which the alcohol content is consistently lower than the level it promises on its labels.

      15.    If AB chose to, it could use its Anton Paar meters to target the exact alcohol content of its finished products to conform to the representations on its labels. Conversely, since AB knows the precise alcohol content of each of its products, it could conform its labels for each such product to accurately state that content. Instead, and even though AB knows the true alcohol content of its products, it intentionally and falsely overstates the alcohol content of its malt beverages. AB never intends for the malt beverage to possess the amount of alcohol that is stated on the label. In fact, AB economically rewards its employees for producing products with lower alcohol content than the labels promise. As a result, AB's customers are overcharged for watered-down

5

beer and AB is unjustly enriched by the additional volume it can sell.

16. AB's conduct is intentionally deceptive and violates New Jersey's Consumer Fraud Act prohibiting consumer deception. Moreover, AB is also subject to various specific requirements for accuracy and honesty when claiming alcohol content of products sold to the general public. AB's failures to comply with these requirements, in addition to its voluntary misrepresentations about the alcohol content of its malt beverages, violate New Jersey's consumer protection statutes.

## CLASS ACTION ALLEGATIONS

17. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b), Plaintiffs bring this action individually and on behalf of all others similarly situated. Plaintiffs will seek certification of the following class:

> All consumers residing in the 48 contiguous states who purchased at retail for personal, family or household purposes and not for re-sale within the statutory time period one or more of the following Anheuser-Busch Companies, LLC products at retail locations in the State of New Jersey for off-site consumption: "Budweiser"; "Bud Ice"; "Bud Light Platinum"; "Michelob"; "Michelob Ultra"; "Hurricane High Gravity Lager"; "King Cobra"; "Busch Ice"; "Natural Ice"; "Black Crown" and "Bud Light Lime."

18. *Numerosity*: AB enjoys a 47.7% market share of the sale of malt beverages in the United States. Although the number of class members is not presently known, it is likely to be comprised of millions of consumers throughout New Jersey. The Class is certainly so numerous that joinder of all members of the Class is impracticable.

19. *Commonality*: As outlined below, common questions of law and fact exist as to all members of the Class. Common questions of fact and law exist because, *inter alia*, Plaintiff and all class members purchased AB's alcoholic beverages, which were deliberately misrepresented as containing more alcohol than they actually contained.

20. *Adequacy of Representation*: Plaintiff will fairly and adequately protect

6

the interests of the members of the Class. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and that of the Class. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff has no adverse or antagonistic interests to those of the Class. Plaintiff is willing and prepared to serve the Court and the Class members in a representative capacity, with all of the obligations and duties material thereto, and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

21. ***Typicality***: Plaintiff's claims are typical of the claims of the members of the Class because they purchased and consumed alcoholic beverages that were deliberately misrepresented as containing more alcohol than they actually contained. Thus, Plaintiff and class members sustained the same injury arising out of AB's common course of conduct in violation of law as complained of herein. The injury of each class member was caused directly by AB's wrongful conduct in violation of law as alleged herein.

### Rule 23(b) (3)

22. This action is appropriate as a class action pursuant to Rule 23(b) (3) of the Federal Rules of Civil Procedure.

23. ***Common Questions of Law and Fact Predominate:*** The questions of law and fact common to the members of the class predominate over any questions affecting only individual members. These common questions include, but are not limited to:

   a. Whether AB's products sold to class members were labeled as containing more alcohol than they in fact contained;

   b. Whether AB deliberately, and as a matter of corporate policy, misrepresented their products sold to class members as containing more alcohol than they actually contained;

   c. Whether AB engaged in deceptive and unfair business practices

7

      related to its representations about the alcohol content of the products it sold to class members;

    d. Whether Plaintiff and class members are entitled to declaratory, injunctive and/or equitable relief; and

    e. Whether Plaintiff and class members are entitled to compensatory damages, including actual and statutory damages plus interest thereon and/or monetary restitution.

24. ***Superiority:*** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, and will create a substantial benefit to both the public and the courts in that:

    a. Costs of prosecuting the action individually will vastly exceed the costs for prosecuting the case as a class action;

    b. Class certification will obviate the necessity of a multiplicity of claims;

    c. It is desirable to concentrate the litigation of these claims in a single forum;

    d. Unification of common questions of fact and law into a single proceeding before this Court will reduce the likelihood of inconsistent rulings, opinions, and decisions.

    e. A class action is a superior means of fairly and efficiently resolving this dispute. Given the complexity of the issues presented here, individual claims are not sufficiently sizeable to attract the interest of highly able and dedicated attorneys who will prosecute them on a contingency basis. A class action is therefore essential to prevent a failure of justice.

25. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this Class Action Complaint that would preclude its maintenance as a class action.

### Rule 23(b) (2)

26. This action is also appropriate as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

27. Plaintiff also seeks injunctive and corresponding declaratory relief for the entire Class. AB acted in a manner generally applicable to the entire Class by deliberately misrepresenting their products as containing more alcohol than they actually contain.

28. AB's wrongful conduct and practices, if not enjoined, will subject class members and other members of the public to substantial continuing harm and will cause irreparable injuries to class members who are misled and denied their rights.

### COUNT I

### VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT

29. Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

30. This cause of action is brought pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, which provides protection for New Jersey consumers against unfair or deceptive acts or practices in connection with the sale or advertisement of any merchandise whether or not the person has in fact been misled, deceived or damaged. *See* N.J.S.A. 56:8-2.

31. Plaintiff and the class members are "persons" as defined by N.J.S.A. 56:8-1(d).

32. Defendant AB is a person as defined by N.J.S.A. 56:8-1(d).

33. AB's malt beverages offered for sale constitute "merchandise" within the meaning of N.J.S.A. 56:8-1(c).

34. N.J.S.A. 56:8-2 provides that "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared an unlawful practice; . . ."

35. At all times relevant hereto, as described more fully above, AB deliberately manipulated the brewing process and production of malt beverages for sale in New Jersey, the alcohol content of which is intentionally misstated and inaccurate on its labels.

36. Defendant AB has therefore engaged in practices which are unconscionable, deceptive and fraudulent and which are based on false pretenses, false promises, misrepresentations, and the knowing concealment, suppression, or omission in their advertising, marketing, selling, and distribution of its malt beverages. Therefore, AB has violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*

37. By reason of the foregoing, Plaintiff and the Class have been harmed, entitling them to injunctive relief, compensatory damages, liquidated damages, statutory damages and/or punitive damages, and costs and reasonable attorneys' fees.

## COUNT II

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

38.     Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

39.     AB is a "merchant" as to the products within the meaning of New Jersey Commercial Code, N.J.S.A. § 12A:2-104(1). It manufactured, distributed and marketed the malt beverages, which are "goods" within the meaning of New Jersey Commercial Code, N.J.S.A. § 12A:2-105(1). Consequently, pursuant to New Jersey Commercial Code, N.J.S.A. § 12A:2-314, it impliedly warranted the malt beverages were merchantable, including that they would conform to the promises or affirmations of fact made on their containers or labels.

40.     Plaintiff and class members purchased AB's malt beverages, which, as stated above, bore promises or affirmations of fact on their containers or labels with respect to the stated percentages of alcohol. As also stated above, AB breached the implied warranty of merchantability accompanying such transactions because Plaintiff and class members did not receive goods that conformed to the promises or affirmations of fact on their containers or labels. *See* N.J.S.A. §§ 12A:2-314(a) and 12A:2-314(2)(f).

41.     As provided by New Jersey Commercial Code, N.J.S.A. § 12A:2-607, Plaintiffs, individually and on behalf of the Class, notified AB in writing of its breach of warranty to give AB the opportunity to cure such breach. Plaintiff sent this notice by certified mail, return receipt requested, to AB's registered agent for service of process. A true and correct copy of said letter is attached hereto, made a part hereof and marked as Exhibit "A."

11

42. AB has not cured the above breach of warranty. As a proximate result of this breach of warranty by AB, Plaintiff and the Class have suffered damages in an amount to be determined at trial.

## COUNT III

### Violation of Magnusson-Moss Warranty Act, 15 U.S.C.A. § 2301 *et seq.*

43. Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

44. Plaintiff and the class members are consumers as defined in 15 U.S.C. § 2301(3).

45. AB is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

46. AB's malt beverages, as listed above, are consumer products as defined in 15 U.S.C. § 2301(1).

47. In connection with their sale of malt beverages, AB gave to Plaintiffs and all Class members who purchased the malt beverages an implied warranty as defined in 15 U.S.C. § 2301(7); namely, the implied warranty of merchantability. Specifically, AB warranted that the malt beverages would conform to the promises or affirmations of fact made on their containers or labels. Because the malt beverages did not conform to the promises and affirmations of fact about alcohol content made on their containers or labels, AB breached the implied warranty of merchantability.

48. AB's malt beverages, as listed above, are not governed by the Federal Food, Drug and Cosmetics Law. By reason of AB's breach of the implied warranty of merchantability, AB proximately caused damage to Plaintiffs and the Class and is therefore liable to has violated the statutory rights of the Plaintiffs and Class members pursuant to the Magnusson-Moss Warranty Act, 15 U.S.C.A. § 2310(d)(1)01et seq., thereby causing damage to Plaintiffs and the Class. Pursuant to 15 U.S.C. § 2310(d)(1),

12

Plaintiffs and the Class are entitled to recover the damages proximately caused to them by AB's breaches of implied warranty. In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and the Class are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by Plaintiffs and the Class for and in connection with the commencement and prosecution of this action.

49. Pursuant to 15 U.S.C. § 2310(e), on behalf of themselves and the Class, Plaintiffs notified AB in writing of its breach of warranty and violation of the MMWA to give AB the opportunity to cure such breach and violation. Plaintiffs sent this notice by certified mail, return receipt requested, to AB's registered agent for service of process. A copy of the letter is attached as Exhibit A. AB has not cured its breach as to Plaintiffs or any other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the class, prays for an order:

a. Declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed Class described herein and appointing Plaintiff to serve as class representatives and Plaintiff's counsel as Lead Counsel for the Class;

b. Preliminarily and permanently enjoining Defendant from continuing to misrepresent the alcohol content of its malt beverages, and from pursuing the above policies, acts and practices related to such sales;

c. Requiring Defendant to fund a corrective advertising campaign in order to remedy its wrongful and illegal conduct;

d. Awarding restitution of the monies Defendant wrongfully acquired by its wrongful and illegal conduct;

e. Requiring disgorgement of monies wrongfully obtained as a result of Defendant's wrongful and illegal conduct;

13

f. Awarding compensatory, liquidated, statutory and/or punitive damages under the New Jersey Consumer Fraud Act, arising from Defendant's wrongful and illegal conduct;

g. Awarding exemplary damages as allowed by law;

h. Awarding reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action;

i. Awarding pre-judgment and post-judgment interest at the legal rate; and

j. For such other and further relief as the Court deems just and proper.

## NOTICE TO ATTORNEY GENERAL

A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey within 10 days of filing pursuant to N.J.S.A. 56:8-20.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED: FEBRUARY 25, 2013        CAROSELLI BEACHLER MCTIERNAN & CONBOY

BY: /s/ David S. Senoff
DAVID S. SENOFF, ESQUIRE
LAUREN C. FANTINI, ESQUIRE

1845 WALNUT STREET, FIFTEENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19102
T: (215) 609-1350
F: (215) 609-1351
DSENOFF@CBMCLAW.COM
LFANTINI@CBMCLAW.COM

ATTORNEYS FOR PLAINTIFF
BRIAN WILSON AND THE PROPOSED CLASS